Manly, J.
 

 The principal question in the case is, whether the facts stated by the Court, as bearing upon that point,
 
 *311
 
 amonnt, in law, to a surrender, by the bail, of their principal. We think they do not.
 

 When an act of this sort is spoken of in the books as a surrender to
 
 the
 
 coiort, it means, of course, a delivery, under the directions of the Court, to its ministerial officer, the sheriff. It cannot be supposed, without absurdity, that the presiding officer takes charge of the person in custody, for a moment, for any purpose.
 

 We take it, too, that there is no interval of time between the custody of the bail and the custody of the sheriff. The debtor (or culprit, in a State case,) passes-
 
 from one to the
 
 other, and it follows that he is not out of the custody of the bail until he is in the custody of the sheriff. We do not mean by this, that he should be in the actual manual custody of the officer, but that he should be in a condition to be taken by him, if needful.
 

 By a recurrence to the facts, it will be sfeen that the bail and the principal came into the court room at Wilson, beiug stangers in that community, and known by no one, except the presiding Judge. The bail said, “ We surrender Nathan King in our discharge as his bail,” and moved for a record to be made of it. The plaintiff’s attorney moved for time to file an affidavit, in order to hold the debtor in custody under the statute, which time was allowed. The affidavit was prepared, the motion to commit, made and allowed, and the Court, thereupon, told the sheriff to take him into custody, upon which, he fled from the courtroom, and could, not be overtaken. In the mean time, while the affidavit was preparing, no action was taken by the Court on the motion to make a record of surrender, and no direction given to the sheriff. The principal, King, was unknown to the plaintiff, to his attorney, to the sheriff, or sheriff’s officers, or to the bystanders, and was not pointed out to any of them.
 

 Upon this state of facts, the Court held the surrender to be complete, and made a record of it in pursuance of the motion above stated. This judgment of the Court, we think, is erroneous.
 

 
 *312
 
 The debtor was not ont of the custody of the bail until he fled, and of course, not in the custody of the sheriff at all. This tradition, one to the other, would have been complete, if, when the presiding officer ordered the sheriff to take the debtor, he had been presented to the sheriff, or if iu any other way, he had been in a condition to be attached and detained by him. That was, according to our view of this transaction, the turning point in the attempted ceremony of surrender. And to hold it good as a surrender, effectual to discharge the bail, and consequently, to charge the sheriff, would impose upon the latter insuperable hardships and difficulties, an instinct to pick out the proper man in a crowd, and fleetness of foot to overtake him in his flight.
 

 We attach no importance to the fact stated, that the debtor was known to the Judge, who presided. He was not known to the sheriff, nor was he in the sheriff’s immediate presence or power. The Judge did not ¡joint him out to the sheriff, or put him effectually in charge of that officer.
 

 There seems to have been some misunderstanding in the Court below, as to the issue raised by the plea of “ no such record.” The matter to which that plea is intended to apply, is the judgment set forth in the
 
 scire facias
 
 against the bail, viz., the judgment against the debtor, King.
 

 Upon an examination of the copy of the record, submitted with the case, it seems to be identical with that recited in the
 
 scire facias,
 
 and we think there was error in the judgment of the Court upon that point.
 

 The judgment of the Superior Court upon the remaining plea was correct; a taking of the body in the execution, and its discharge under our insolvent debtor law, exempts it from future arrest, only as to creditors who were notified in writing, (Rev. Code, eh.
 
 59,
 
 sec. 11.) The propriety of this requirement is obvious, and the Code is peremptory.
 

 The Court being of opinion with the plaintiff upon all the points, presented in the case agreed, reverses the judgment below, and gives judgment for the plaintiff'.
 

 Per Curiam,
 

 Judgment reversed.