## BAIL AND RECOGNIZANCE—PRINCIPAL AND SURETIES.

[Cuyahoga (8th) Circuit Court, November 15, 1909.]

Henry, Marvin and Winch, JJ.

HENRY DuLAURENCE v. STATE OF OHIO.

SURETY DESIRING TO SURRENDER DEFENDANT IS NOT DISCHARGED UNTIL COURT ACCEPTS.

A surety on a bail bond who desires to surrender the defendant and deliver him in open court, is not discharged from further responsibility on his bond until the court accepts said delivery, and the only evidence of the delivery is the record of the court.

ERROR to Cuyahoga common pleas court.

F. C. Scott and Henry DuLaurence, for plaintiff.

J. A. Cline and George Hansen, for defendant.

**WINCH, J.**

This was an action on a bail bond. DuLaurence admitted the due execution of the bond but pleaded surrender of his principal. No record

DuLaurence **v.** State.

evidence of the surrender was offered, but parol evidence on the subject was produced by both sides. Such serious errors were committed in the introduction of this evidence that the judgment must be reversed unless the record is the only competent evidence of the surrender. If such is the law, the judgment is manifestly right and the rulings complained of are immaterial and without prejudice.

The statute, Sec. 7177, reads as follows:

"When a person who is surety in a recognizance for the appearance of a defendant before any court, desires to surrender the defendant, he shall, by delivering the defendant in open court, be discharged from any further responsibility on said recognizance," etc.

We are agreed that if the delivery is complete without any acceptance by the court, parol evidence is sufficient to prove it. If the delivery is not complete until the court takes some official action upon it, it would seem that such official action can only be shown by the court's records. A majority of the court is of the opinion that delivery is not complete until acceptance by the court and that the record is the only evidence thereof.

A similar division of opinion is shown in the interesting case of *Fitch* v. *Hall*, Kirby's Report 18 (Conn.), a case decided 125 years ago, and the argument is there stated on both sides with the brevity and clearness found in the old reports.

As sustaining the conclusion here reached, reference is made to the following cases: *State* v. *Este*, 7 Ohio (pt. 1) 134; *Whitton* v. *Harding*, 15 Mass. 535; *Rountree* v. *Waddill*, 52 N. C. 309.

Judgment affirmed.

**Henry, J.,** concurs.

**Marvin, J.,** dissents.