WORTH *v.* THE STATE OF OHIO.

(Decided June 26, 1931.)

*Messrs. Pollack & Pollack,* for plaintiff in error.

*Mr. Ray T. Miller,* prosecuting attorney, and *Mr. Thomas A. Burke, Jr.,* for defendant in error.

BLOSSER, J.   The state of Ohio brought an action against S. C. Worth on a recognizance for the sum of $5,000, claiming that the defendant S. C. Worth, together with one Jack Alberts, entered into the recognizance, which was conditioned that if the said Jack Alberts should be and appear before the court of common pleas of Cuyahoga county on the first day of the next term, and so from day to day, to answer to a charge of housebreaking and larceny, and abide the order of the court in the premises, and not depart without leave until the cause is finally disposed of, then the obligation shall be void, otherwise it shall be in full force in law.   The plaintiff alleged that the conditions of the recognizance were broken and that

it was forfeited in open court because of the failure of Jack Alberts to appear in the court of common pleas, as provided by its terms. It is alleged that proper and legal notice of the forfeiture of the recognizance was given the defendant to show cause why judgment should not be taken against him. The defendant in his answer admitted that he signed the recognizance, but denied generally all the other allegations of the petition and he further pleaded that he surrendered Jack Alberts in open court to the proper officials and that judgment should not be rendered against him. The trial resulted in a judgment for the plaintiff for the amount of the recognizance, and error is prosecuted to this court.

At the trial the recognizance was admitted in evidence. The assistant prosecuting attorney, being called as a witness for the plaintiff, testified orally that the recognizance was forfeited and that notice was given to the defendant Worth to surrender Alberts within twenty days or to appear and show cause why judgment should not be entered against him in the sum of $5,000 because of the forfeiture of the recognizance. All the testimony of this witness was hearsay, and the only record evidence offered by the plaintiff in chief was a copy of the recognizance. When the plaintiff rested its case the defendant moved for a directed verdict, which was overruled. This was error. The proper evidence of notice to the defendant was the record. No record evidence of the forfeiture of the recognizance was offered. The forfeiture of the recognizance was denied by the answer, and under the pleadings this was one of the material issues of the case. The General Code of Ohio (Section 13435-18) provides that when

a person in a criminal prosecution is under a recognizance to appear and answer in court, and fails to perform the conditions thereof, his default shall be recorded and such recognizance be forfeited in open court. The proper evidence of the forfeiture was the record of the court, and such record was not offered in evidence. Had the defendant rested his case at the close of the plaintiff's evidence, he would have been entitled to a judgment in his favor. However, he did not see fit to do so, but offered evidence in his own behalf. Upon the witness stand the defendant gave testimony which might be considered as proof of the forfeiture and the receipt of notice under the statute. For this reason the error of the trial court in not directing a verdict in favor of the defendant at the close of the plaintiff's evidence can be of no avail.

The main contention of the defendant, however, is that the state cannot recover on the recognizance for the reason that the defendant surrendered the principal, Jack Alberts, in open court, and that he is thereby absolved from liability. This presents an interesting question. The defendant offered some evidence with reference to the appearance of Jack Alberts in open court. One witness for the defendant testified that Jack Alberts appeared before Common Pleas Judge Ewing and that the court refused to receive his surrender. This statement was denied by Judge Ewing. The story of this witness was so improbable that the jury no doubt did not give it serious consideration. The attorney for the defendant testified that he spoke to Judge Ewing, but not in open court, and stated that he desired to surrender Jack Alberts. There is also some evidence of a con-

versation between the attorney and the clerk of courts with reference to the surrender of Alberts. Does the most favorable consideration of the evidence of the defendant with reference to the surrender of Alberts amount to such a legal surrender as would exonerate his bondsman?

Section 13435-16, General Code, provides: "When a surety in a recognizance for the appearance of a defendant before a court, desires to surrender him, such surety shall be discharged from further responsibility thereon by delivering him in open court," etc.

The appearance of Alberts in court, if he did appear, did not amount to a surrender within the meaning of this statute. When bail is given the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment. At common law, when bail was given, and the principal relieved from the custody of the law, he was regarded not as freed entirely but as transferred to the friendly custody of his bail. They had a dominion over him and it was their right at any time to arrest and deliver him again to the custody of the law in discharge of their obligation. *State* v. *Schenck,* 138 N. C., 560, 49 S. E., 917, 3 Ann. Cas., 928; 3 A. L. R., 181; *People, ex rel. Masterson,* v. *Hathaway,* 206 Ill., 42, 68 N. E., 1053. In Ohio and in most of the states the mode of discharge and surrender of the principal is provided by statute.

When a statute prescribes the manner in which the principal in a bail bond shall be surrendered by his sureties, the statutory method must be strictly followed to exonerate the sureties. *Edwards* v. *State,* 39 Okl., 605, 136 P., 577, cited in 3 A. L. R., 191; *State* v. *Miller,* 109 La., 27, 33 So., 57, cited in 3

A. L. R., 195; *State* v. *Casey*, 44 S. D., 311, 183 N. W., 971, 15 A. L. R., 1521, 1523.

The sureties having custody of their principal, if they desire to surrender him and be relieved of responsibility on their bond, must make such a surrender and delivery of their principal as to be effective. They should present him in open court and give the court an opportunity to place him in the custody of the sheriff or other officer of the court in such manner that the custody of the prisoner has been transferred to them. One of the terms and conditions of the recognizance was that Jack Alberts was to appear before the court from day to day and abide the order of the court and not depart without leave until the case was finally disposed of. The court had no opportunity to place him in custody and he did not "depart without leave until the case was finally disposed of."

In the case of *Rountree* v. *Waddill*, 52 N. C., 309, it was held: "Where a prisoner was brought into open court by his bail, and it was announced, publicly, that he was surrendered, but was unknown to the sheriff, to the plaintiff, and to the plaintiff's counsel, and a stranger to all present, except to the bail and the presiding Judge, and upon being ordered in custody, fled from the court room and escaped, without having been in the custody of the sheriff, it was *Held* that these facts did not amount to a valid surrender."

At page 311 of the opinion the court stated that when a surrender is attempted to be made the prisoner shall be in such a position and situation that he can be detained. That seems to be the deciding factor in an attempted ceremony of surrender. In the

instant case it is clear that no such facts have been proven.

The defendant in his endeavor to show his discharge from the obligation of the recognizance by the surrender of his principal has attempted to do so wholly by parol evidence. This could only be proven by record evidence.

"By the common law and under the earlier English statutes bail could not surrender their principal and be exonerated from liability on their undertaking during vacation, but only during the term, when such surrender, either by the bail or of the defendant voluntarily, was duly entered upon the record of the court." *United States* v. *Stevens*, (C. C.), 16 F., 101, 103.

At page 104 of the *Stevens case* the court says:

"At common law, therefore, a defense to an action on the bail-bond by way of surrender could only be established by showing from the record that such surrender had been made either of the principal himself voluntarily, or by his sureties; and the record entry of the fact, whether made on the bailpiece filed in court or otherwise properly noted, was styled 'the discharge and exoneratur' of the bail."

"What a court of record does is known alone by its record; its doings and proceedings cannot be established by parol testimony." *Milan, Admr.,* v. *Pemberton, Exr.,* 12 Mo., 598.

"The only legal evidence of the terms of the order of the court, is the record or a duly certified copy thereof." *Michener* v. *Lloyd,* 16 N. J. Eq., 38.

In the case of *DuLaurence* v. *State,* 21 C. D., 418, 12 C. C. (N. S.), 367, 17 C. C. (N. S.), 47, the Circuit Court of this county held: "The surrender of a

prisoner by his bail must be accepted by the court, and the record is the only competent evidence of the surrender which will exonerate the bond.''

The rule laid down by a majority of the court in that case is well supported by the authorities. *United States* v. *Stevens, supra.*

In *Van Gilder* v. *People,* 75 Colo., 515, 227 P., 386, 387, it is said: ''The surety must state his intention to surrender, so that the court and officers may know that the custody of the prisoner has been transferred to them.''

In *Perkins* v. *Terrell,* 1 Ga. App., 250, 58 S. E., 133, it is held:

''Producing or presenting a principal in court is not all that is required to discharge the obligation and relieve securities from their liability under a criminal bond. In order for a surrender of the principal in open court to be effective, the attention of the court must be called to the presence of the defendant principal, and the intention to surrender him must be definitely expressed and understood.

''The highest evidence of surrender is an exoneratur entered upon the minutes.

''There is no evidence here at all of a surrender into *custody.* Being in court is one thing, being in custody another.''

''The mere producing into open court by the surety of the principal in a recognizance bond at the hour and minute previously set by the judge as the time for imposing sentence after conviction, although accompanied with the expression from the surety, directed to the judge: 'Here he is [referring to the principal]; I have brought him back as you said,' does not show a compliance with the bond

under which the surety was answerable for the principal's presence in court until after sentence is passed. Nor does a compliance with such order of the court amount to a surrender of the principal by the surety." *Davis* v. *Hardwick*, 33 Ga. App., 500, 126 S. E., 889.

In the case of *Edwards* v. *State*, 39 Okl., 605, 136 P., 577, it is said: "In such an action parol evidence to prove a surrender of the principal to the sheriff is inadmissible in support of the claim of discharge by the surety."

We are content to follow the conclusion reached in the case of *DuLaurence* v. *State, supra*. It follows that there was no competent evidence offered by the defendant in support of his contention that he surrendered Jack Alberts. There was no record of the so-called surrender, and if there was any action taken by the court it was incumbent upon the defendant or his counsel to see that a record was made.

In the case of *United States* v. *Stevens, supra,* at page 106, the court says: "Again, the answer to the argument that there is no fault of the sureties, but only of the judge or other officer receiving the surrender to make the entry, for which the sureties should not suffer after a surrender, is obvious. The fault is that of the sureties. The officer may be at fault and negligent in failing to perform the ministerial duty of making the entry of the judicial act of ordering the discharge of the sureties. * * But clearly it is the duty of all parties, or their attorneys, to see to it that, in all cases, the clerk or other ministerial officer shall make the proper entries on the record authorized by the judicial judgment, and

it is their fault if they do not give this matter their attention."

The defendant complains of the court's refusal to give before argument his special request No. 1 as follows: "If you find by the greater weight of the evidence that Pollack, the defendant's attorney, advised either Judge Ewing or the clerk of the criminal court that he wished to surrender Jack Alberts, and that shortly thereafter Alberts appeared in open court, your verdict must be for the defendant."

This charge was properly refused by the court. From the foregoing authorities it will be seen that the request to charge did not cover all that was required of the surety and was not sufficient.

After a consideration of all the evidence it will be seen that the defendant made no surrender of his principal, that no record evidence of such pretended surrender was offered as is required by law, and that he offered no defense to the suit against him, and for that reason the judgment against him for the amount of the recognizance was proper and should be affirmed.

*Judgment affirmed.*

Mauck and Middleton, JJ., concur.

Judges Mauck, Middleton and Blosser, of the Fourth Appellate District, sitting by designation in the Eighth Appellate District.