**STATE, Plaintiff, v. WILSON, Defendant.**

Municipal Court, Piqua.

No. 5943.   Decided October 24, 1950.

## OPINION

By CROMER, J.

On or about September 22, 1950, an affidavit was filed in this court whereby the defendant was charged with the violation of §13104 GC, that is he was charged with obtaining property by false pretense. The prosecuting witness, John E. Corbin, is the owner of a filling station in the City of Piqua, Ohio. The defendant went to the filling station and the attendant pumped into defendant's gas tank gasoline of the value of Four ($4.00) Dollars. The defendant drove away without paying for the gasoline then or at any subsequent time. No credit was extended.

A warrant was issued for the arrest of the defendant, who lives and works in Grand Rapids, Michigan. Upon a visit to Troy, Ohio the defendant was taken into custody on or about the 29th day of September, 1950. While in custody, the Police Department of Piqua, phoned the Judge of this court that the bond for appearance be fixed by the Court. The bond was fixed at Fifty ($50.00) Dollars.

Mr. Leo Bausman, who is an attorney and also a professional bondsman, deposited with the Police Department, which is the custom when the court is not open, the sum of Fifty ($50.00) Dollars in currency. Receipt for the deposit was taken in the name of Mr. Bausman and the prisoner was released but was ordered to appear in court on the following Saturday, September 30, 1950, at 10:00 A. M. o'clock, at which time the case was set for hearing.

At this point, we state that Rule 4 of this Court, prohibits an attorney from being a surety on a criminal bond.

On September 27, 1950, the defendant wrote "Judge Cromer" from Grand Rapids, as follows:

"Dear Sir: Mr. Bausman, Lawyer and Bondsman from Troy, Ohio informed me that if I couldn't make it to trial this Saturday to write you and let you know so you could set the trial ahead. We are working Saturday now, and I would like to have it set for Sat. Oct. 14th. Thank you, Sir.

Signed—Irvin C. Wilson."

This case is a misdemeanor, and the defendant is a non-resident of the State. Extradition would not be available. The court was reluctant to grant the defendant's request but did so, setting the case at 10:00 o'clock on Saturday, October 14, 1950.

The defendant did not appear at this time, altho it was he who had requested this particular date. However, Mr. Bausman did appear not as a bondsman, but as an attorney, as he later claimed. Mr. Bausman had what purported to be a telegram from the defendant stating that he, the defendant, had to work and was unable to appear. The court was of the opinion that the defendant was trifling with the court. The bondsman, Mr. Bausman, was told by the court that the bond was forfeited. An Entry of forfeiture was filed on October 14, 1950. The money on deposit with the Police Department was given to the Clerk of this Court.

On October 21, 1950, both Mr. Bausman, attorney-bondsman, and the defendant appeared in court. The defendant desired to discuss the case and was informed that we were not interested in the merits of the case at this time. Mr. Bausman said he was willing to pay the court costs of the case; that he would pay the prosecuting witness for his gasoline but that he would not enter a plea of guilty. Nothing was done except to acknowledge the presence of the defendant in court and the matter of forfeiture of the bond was continued for future study by the Judge who was then engaged in other matters. The forfeited money, not yet having been turned over to the County Treasurer, as required by §13435-18 GC was ordered held until final determination of the status of the money.

There was no surrender of the defendant to the court, nor was there any acceptance by the court of the body of the defendant. However, the attorney for the defendant claimed that the bondsman or surety had twenty days in which to produce the defendant, and being asked for authority, cited §13435-18 GC.

There is nothing before the court but the verbal complaint that the surety had twenty days in which to bring in the defendant, and having done this the Court should return the money. In the meantime, the defendant has departed from the State of Ohio.

The question is whether or not the bondsman is entitled to the return of his money deposited in lieu of a bond. Sec. 13535-8 GC.

In 1929, Ohio passed a law "to revive and codify the Code of Criminal Procedure of Ohio." Repealed by this law (113 O. L. 123 to 215) were 344 sections of the statutes of Ohio. The codification consisted of 38 chapters. The 14th chapter of the codification was upon the subject of "Bail" and the sections were numbered from §§13435 to 13435-25 GC. Sec. 13435-18 GC was formerly §13545 GC.

Prior to the codification, §13545 GC was a short section which read as follows:

"When a person under recognizance in a criminal prosecution fails to appear and answer, or to testify in court fails to perform the condition thereof, his default shall be recorded and such recognizance forfeited in open court."

The codification added the rest of the present statute beginning with "and thereupon."

Continuing the above quoted former section, we now read:

"and thereupon the court shall cause the clerk to give the surety or sureties twenty days' notice, which notice shall be served upon them as in a case of summons in a civil action."

Also the section makes provision for publication. Appearance is required "on or before a day certain to be named and produce the body of the defendant, or show cause why judgment shall not be entered against them for the amount of the recognizance."

Sec. 13435-8 GC provides for "Deposit of Money, in lieu of bond."

In the case of **Municipal Court of Toledo v. State, 128 Oh St 103, Syl. 1,** reads as follows:

"Criminal procedure in this state is regulated entirely by statute and the state has thus created its system of criminal law covering questions of crime and penalties, and has provided its definitions and procedure."

In the case of **Madjorous v. State, 113 Oh St 427,** it is declared that "it will be presumed that the legislature has exhausted the legislative intent, and that it has not intended the practice to be extended further than the plain import of the statutes already enacted." The well known maxim "expressio unius est exclusio alterius" applies. The Madjorous case was denied certiorari by the Supreme Court of the U. S. 270 U. S. 662, 46 S. Ct. 471.

The code of criminal procedure covers the whole field and there is no necessity of looking elsewhere.

We believe there is a distinction between §13435-8 GC—

Deposit of money in lieu of bond and §13435-18 GC—Proceeding when party recognized fails to appear. The first statute says, "In all cases it shall be lawful for the **party required** to give recognizance to deposit cash, etc." Here, the party himself makes the deposit even though someone other than the defendant actually makes the deposit, it must be considered the defendant's deposit. In this instance there is no relationship of principal and surety—only the relationship of principal. The word "surety" is not mentioned in this section. The deposit is not subject to garnishment, etc. "so as to interfere with the right of state or municipality **to collect the full penalty of the bond.**"

The second section provides a method of getting the surety or sureties of a forfeited bond into court. After the recognizance is forfeited the surety or sureties shall be given twenty days notice, similar to a summons in a civil action. In short, it is a civil action usually begun by the prosecuting attorney. In this instance, the defendant signs a recognizance as principal. Those who are qualified according to §13435-2 GC sign as surety. If real estate of the surety is relied upon—instead of a money deposit—the real estate of the surety is pledged and the surety is required to describe his real estate, which becomes charged with a lien recorded in the office of the County Recorder. The surety may be required to depose as to the "sureties sufficiency to act as bail." Besides, the surety is required to state where notice "provided for in this chapter may be served." This is the notice mentioned in sub-section 18.

Under §13435-18 GC a hearing is had and judgment is rendered against the sureties, unless "good cause" is shown for the defendant's non-appearance under the terms of the bond. This procedure is necessary under due process.

Sec. 13435-24 GC, provides a statutory "form of recognizance." The principal and sureties "jointly and severally acknowledge themselves to owe the State of Ohio, the sum of ——— Dollars, to be levied upon their goods and chattels and tenements, if default be made in the condition following, to-wit:" (That condition is for appearance.)

The defendant would add a new condition not found in the statutory bond. In effect, the condition shall be void, if the defendant appears on the date mentioned, or if the defendant at his pleasure and conveniencce appears sometime within twenty days after the date set for his appearance. This is absurd. Are Courts to be turned over to the defendant? If this is true, where is there such a condition in the statute?

Under §13435-8 GC—a deposit of money—there is no such

recognizance and there is no need for any. No notice is required. Sureties are entitled to their day in court in order to satisfy due process. The defendant and his deposit is already in court. Execution upon a judgment to convert the property of a surety into money is unnecessary. The deposit is ready to be seized for non-appearance at the day set for trial.

It may be said that a surety is a favorite of the law. A voluntary and **uncompensated** surety is looked upon with favor. There is no evidence here of any surety, it being a deposit only. But assuming there is something in the nature of a suretyship, there is no evidence of compensation or no compensation. Up to the present moment, however, no one ever heard of a professional bondsman working for nothing.

**Sec. 13435-16 GC**—Surrender of Defendant—provides that a surety—if there be one—may surrender the defendant and be discharged. The surety "shall not be discharged until the accused is presented and surrendered in open court." A bail piece is spoken of in this section to assist the surety to have the accused produced in court. See Form 583, Baldwin Ohio Cr. Practice Manual (Third Ed.). Also see Forms 584, 585, 586, 587 and 587-1 in Baldwin (supra) for procedure under subsection 18 aforesaid.

Since §13435-16 GC provides the manner in which the accused may be surrendered—assuming that a depositor is a surety—let us consider whether the appearance of Mr. Bausman, attorney and bondsman, on October 14, 1950, as detailed above was a surrender which discharged the depositor-surety.

**Worth v. The State of Ohio, 39 Oh Ap 227** (6/26/1931) from the Court of Appeals of Cuyahoga County, syl. reads as follows:

"Sureties on a criminal recognizance who desire to be relieved from liability by surrendering their principal in open court must produce him in such a manner as to be effective, **so that he can be detained** and so as to give the court **an opportunity to place him in custody** of the sheriff or other officer. The record is the proper evidence of surrender."

This case approves of Du Lawrence v. State, 12 C. C. (n. s.) 367. This case was decided in 1909 by the circuit court of Cuyahoga County. The statute then under consideration was R. S. 7177 which is now §13435-16 GC. The syllabus is as follows:

"A surety on a bail bond who desires to surrender the defendant and deliver him in open court, is **not discharged** from further responsibility on his bond **until the court accepts said**

delivery, and the only evidence of delivery is the record of the Court."

In the present case there was neither a surrender to, or acceptance by the court of the defendant. There was just the excuse that the "defendant had to work."

When a forfeiture is made in a state case, except State Highway Patrol cases, under §13435-19 GC, the clerk "shall **return forthwith** to the County Auditor of their respective counties, all forfeited recognizances in criminal cases."

How can there be a "forthwith" return when the clerk has to await at least twenty days to make the return of the forfeiture? We conclude therefore, the money deposited in this case for the appearance of the defendant was forfeited properly.