THE STATE OF OHIO, APPELLEE, *v.* PATTON, APPELLANT.

(No. L-88-374—Decided September 15, 1989.)

*Anthony G. Pizza,* prosecuting attorney, and *Eric W. Slack,* for appellee.

*John Potts,* for appellant.

GLASSER, J. This matter is before the court on appeal from a judgment of the Toledo Municipal Court.

Briefly, the facts relevant to this appeal are as follows. Defendant-

appellant, Leondre Patton, was arrested on September 25, 1988. At the time of his arrest, appellant was charged with a violation of R.C. 2925.03(A)(6), aggravated trafficking in drugs. Appellant appeared in court on September 26 and requested a continuance to seek private counsel. The continuance was granted to September 29, 1988 and bail was set at $10,000, cash only. Appellant posted bail on September 26 and was released from custody.

Appellant and his counsel appeared on September 29, 1988. At appellant's request, the preliminary hearing was set for October 18, 1988, and bond was continued. On October 18, counsel for appellant appeared without appellant. Stating that he had spoken with appellant by telephone and that he suspected that some unforeseen problem had caused appellant's absence, counsel requested a continuance. The matter was continued to the following day.

On October 19, the appellant again failed to appear. Plaintiff-appellee, the state of Ohio, requested that a bench warrant be issued and the bail be forfeited. The court granted appellee's requests, issued a bench warrant and ordered that the bond posted on September 26 be forfeited. The court reset bond at $20,000, cash only.

On October 25, one week after his scheduled hearing, appellant and his counsel appeared before a visiting judge. Speaking on behalf of appellant, counsel stated that appellant had recorded the wrong date on his calendar and inadvertently missed his October 18 hearing. Appellee informed the court that an indictment was filed by the Lucas County Grand Jury against appellant on October 13 and that an arrest warrant was outstanding. The court stated that, in view of the indictment, the matter should be "marked" *nolle prosequi* and the bench

warrant withdrawn. Responding to the issue of bond forfeiture, the visiting judge stated that under the circumstances, appellant should appear before the presiding judge.

Appellant's counsel appeared before the presiding judge on October 25 and requested the following judgment entry: "bond forfeiture vacated, warrant withdrawn; case nolled, bond to be returned to surety." After a brief exchange, the presiding judge stated: "Bond forfeiture order withdrawn. Bond reinstated. That means bond is reinstated here. All you need is to transfer it over [to common pleas court]."

Later on October 25, counsel appeared before the judge who had originally ordered appellant's bond forfeited. Asserting that the forfeiture order had been vacated by the presiding judge, counsel submitted that he was told by the court clerk that it was necessary to see the original judge. Briefly, the court stated that the order to vacate the forfeiture should not have been entered. The court reasoned that the money had already been "executed" and, therefore, it would not remit the forfeiture. Counsel returned to the presiding judge whereupon the case was continued for appellant to file a motion to vacate the October 19 bond forfeiture order.

Appellant filed a motion for remission, and the matter was heard by the original judge on November 3, 1988. Evidence was adduced regarding the reasons for appellant's initial absence, and several members of appellant's family testified concerning their contributions to appellant's bond. At the conclusion of the hearing, the court filed a judgment entry denying appellant's request for remission. Further, the court filed an entry on November 18, journalizing its October 19 order forfeiting appellant's bond. It is from these entries that appellant

filed the instant appeal, assigning the following as error:

"I. It constituted an abuse of discretion for the court to deny the appellant's motion for remission of [the] bond forfeiture.

"II. There was an improper and unauthorized execution upon the bail forfeiture.

"III. It constituted error to deny the request for a hearing with respect to the bond forfeiture."

In his first assignment of error, appellant argues that the trial court erred and abused its discretion in failing to order remission.

Once bail has been forfeited, it may be remitted, in whole or in part, pursuant to R.C. 2937.39. This section provides:

"After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or rearrest of the accused on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the person or persons entitled thereto under order o[f] remission."

In essence, if the accused appears or surrenders, the trial court may remit all, or a portion, of the bail previously adjudged forfeit. The language of the statute clearly indicates that its application is discretionary with the court. *State* v. *Hollis* (July 9, 1986), Lorain App. No. 3913, unreported; *State* v. *Riggs* (Nov. 9, 1981), Ross App. No. 846, unreported; and *United States* v. *Bass* (C.A. 5, 1978), 573 F. 2d 258, 259.

"Since no specific grounds of remission [are] set forth, the discretion devolved upon the court must be a sound discretion exercised in light of all attendant relevant circumstances. In allowing remission, it is apparent the General Assembly recognized that complete forfeiture in some cases [is] unjust * * *." *State* v. *Williams* (Feb. 13, 1985), Washington App. No. 82X45, unreported, at 4.

Further, R.C. 2937.39 provides that remission is permitted even if cash bail has been "applied" by the clerk of the court pursuant to R.C. 2937.35 and R.C. 1901.31(F).

It has been repeatedly recognized that "[t]he purpose of bail, as stated in Crim. R. 46(A), 'is to insure that the defendant appears at all stages of the criminal proceedings.' " *State* v. *Hughes* (1986), 27 Ohio St. 3d 19, 20, 27 OBR 437, 438, 501 N.E. 2d 622, 623. Accordingly, in determining whether to remit a previous revocation of bail, the court should consider the ultimate appearance of the defendant as grounds for recompensation. *Bass, supra,* at 260. Other factors to consider upon a motion for remission include, *inter alia,* the inconvenience and delay to the prosecution, the expense involved, the willfulness of the violation as well as any other mitigating circumstances. See *Appearance Bond Surety* v. *United States* (C.A. 8, 1980), 622 F. 2d 334, 336, and *Worth* v. *State* (1931), 39 Ohio App. 227, 117 N.E. 235. Regardless of the circumstances under which forfeiture is declared, it may be set aside "* * * 'if it appears that justice does not require' enforcement. * * *" *Accredited Surety & Cas. Co.* v. *United States* (C.A. 4, 1983), 723 F. 2d 368, 369. Overall, a bond forfeiture order should bear some reasonable relation to the costs and inconvenience incurred in gaining custody of the accused and again preparing for trial. *Appearance Bond, supra,* at 337.

We do not dispute the trial court's initial application of Crim. R. 46(M). This rule provides:

"If there is a breach of condition of a bond, the court shall declare a forfeiture of the bail. Forfeiture proceedings shall be promptly enforced as provided by law."

R.C. 2937.35 also provides that if a defendant fails to appear, his bail may be adjudged forfeit. This statute states that the court may continue the matter to a later date, give notice of the continuance, and adjudge the bail forfeit upon a failure to appear at such later date.

In applying its discretion to appellant's request for remission, the record indicates that the sole factor considered by the trial court appears to be the fact that appellant's cash bail had already been executed. Speaking to appellant's counsel on October 25, the judge who originally ordered appellant's bond to be forfeited stated, "* * * had [the bail] not been executed on I would gladly [remit] it, John, but it's already been executed on so I won't and I don't, okay?"

Accordingly, we find that the trial court erred and abused its discretion in failing to consider the requisite exonerating factors in denying appellant's request for remission of bail. The record does not indicate that appellant willfully avoided the October 18 or 19 hearings, nor were any governmental funds expended to secure his presence in court on October 25 or November 3. Appellant voluntarily appeared in Toledo Municipal Court, albeit one week late, presumably to participate in his preliminary hearing. Cf. *Worth, supra,* syllabus. An evaluation of all the attendant facts also discloses that, at the October 18 hearing, the court was aware that appellant was subject to an indictment by the Lucas County Grand Jury. Further, an entry of *nolle prosequi* was made on October 25, prior to the remission hearing, thereby signalling the end of appellant's prosecution in Toledo Municipal Court.

Appellee argues that the denial of appellant's request for remission was proper under *State* v. *Wilson* (M.C. 1950), 65 Ohio Law Abs. 422, 115 N.E. 2d 193. We find that *Wilson* differs from the instant case in several respects. First, in *Wilson,* after the declaration of forfeiture, the defendant appeared but refused to surrender to the court and subsequently left the state. In affirming the denial of a request for remission, the court stated:

"There was no surrender of the defendant to the court, nor was there any acceptance by the court of the body of the defendant. * * *" *Id.* at 424, 115 N.E. 2d at 195.

In the case *sub judice,* appellant was in court on October 25, although he did not appear before the judge when the initial request for remission was entered, and he testified on his own behalf at the November 3 hearing.

Second, in *Wilson,* the defendant's case was set to continue in *that court.* In the instant case, the record indicates that the primary purpose of the October 18 hearing was, in view of the grand jury indictment, to dismiss the charges pending against appellant. Quite simply, the matter would not have proceeded to preliminary hearing in Toledo Municipal Court even if appellant had appeared on the correct date.

This case also differs from the circumstances set forth in *Williams, supra.* In *Williams,* the defendant was arrested in New Hampshire pursuant to a warrant. No explanation was offered for the defendant's initial failure to appear. In the case *sub judice,* appellant's appearance was not the result of his rearrest; he voluntarily subjected himself to the court's jurisdiction and offered an explanation for this absence.

Appellee also argues that a remis-

sion of bail in this case will establish a dangerous precedent and undermine the bond/release program. We disagree and hold that a failure to remit under these circumstances would be more harmful than a remission. To reiterate, appellant *voluntarily* appeared — to affirm a forfeiture in this case would, ostensibly, discourage similar behavior by defendants faced with analogous predicaments. In other words, if there is no hope of continued "bail," much of the motivation for voluntarily appearing would vanish.

While we are cognizant of the seriousness of the offense with which appellant has been charged, we nevertheless find that, under the circumstances of this case, the trial court erred and abused its discretion by denying appellant's request for a remission. We further hold that, in the interest of justice, the entire $10,000 bail should have been remitted pursuant to R.C. 2937.39. For the aforestated reasons, appellant's first assignment of error is well-taken.

In his second assignment of error, appellant argues that the forfeiture order was not journalized at the time the clerk applied the bail; therefore, such execution was improper and unauthorized. Citing several relevant authorities, appellant asserts that neither an announcement in open court nor a notation on the case jacket or docket sheet constitutes a judgment entry upon the journal of the court.

While we recognize that appellant's argument is, for the most part, accurate and meritorious, we find that it is inapplicable to the case *sub judice*. R.C. 2937.35 states, in part:

"Upon the failure of the accused or witness to appear in accordance with its terms the bail may *in open court* be adjudged forfeit, * * * by the court * * * before whom he is to appear." (Emphasis ours.)

Forfeiture proceedings are set forth in R.C. 2937.36:

"Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:

"(A) As to each bail, he shall proceed forthwith to deal with the sum deposited as if the same were imposed as a fine for the offense charged and distribute and account for the same accordingly provided that prior to so doing, he may satisfy accrued costs in the case out of the fund."

In the instant case, the bail was declared forfeited in open court on October 19, 1988. A handwritten entry on the docket sheet, dated October 19 and signed by the judge, stated: "Cash Bond posted 9-26-88 ordered forfeited."

We find that the declaration in "open court" combined with the above-mentioned journal entry provided sufficient notice of the adjudication of forfeiture so as to make the clerk's subsequent (October 21) execution proper. Appellant's counsel was present in court when the forfeiture was declared. In addition, due to the fact that no surety was involved and bail was posted by appellant in cash, no formal notice pursuant to R.C. 2937.36 (C) was required. Finally, the October 19 forfeiture was not a "judgment of conviction" pursuant to Crim. R. 32(B); therefore, we find that the court's declaration and signed notation were sufficient indicators of its intentions.

"Although no specific rule or statute provides the procedure for the forfeiture of an appearance bond under Crim. R. 46[M], we view as clear the intention of the court to order the appearance bond forfeited as of the date of trial, which forfeiture had the effect to authorize the ten percent cash deposit, herein sought to be recovered, to be treated as a fine and disbursed pursuant to R.C. 2937.36. * * *" *Riggs, supra,* at 4.

For the aforestated reasons, we

104

find appellant's second assignment of error not well-taken.

In his third assignment of error, appellant asserts that the trial court erred in denying his request for a hearing with respect to the bond forfeiture. Appellant is arguing, in essence, that because his family collected the $10,000 bond, they were, in effect, "sureties" and were entitled to notice and a hearing under R.C. 2937.36.

The bond receipt issued September 26 contains only one name — that of appellant. In addition, the *defendant himself* makes the deposit *even if* someone other than the defendant actually posts the bail. See *Wilson, supra.* Accordingly, in the case of a cash bond, there is no relationship of principal and surety — only the relationship of principal. *Id.*

It is important to differentiate between a recognizance bond and cash bail. If this had been a recognizance bond, the sureties would clearly have been entitled to notice of appellant's default. R.C. 2937.36(C). On the contrary, with cash bail, no surety is involved; there are no due process considerations and no notice is required. See R.C. 2937.36(A); *Wilson, supra;* and *Riggs, supra.*

Accordingly, under the facts presented, we hold that the court did not err in failing to hold a hearing prior to declaring a forfeiture. For the aforestated reasons, we find appellant's third assignment of error not well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Toledo Municipal Court is reversed, in part, and affirmed in part. The order as to forfeiture of bond is affirmed. The order denying appellant's motion for remission of forfeiture is reversed. This cause is remanded to said court for proceedings not inconsistent with this opinion. It is ordered that appellee pay court costs of this appeal.

*Judgment reversed in part,*
*affirmed in part, and*
*cause remanded.*

HANDWORK, P.J., and ABOOD, J., concur.