OPINION
Appellant John Lee Sampson is appealing the decision of the Fairfield County Court of Common Pleas that denied his motion for remission of penalty. The following facts give rise to this appeal.
The Fairfield County Grand Jury indicted appellant, on April 8, 1994, for one count of grand theft and two counts of attempted grand theft. On July 19, 1994, appellant posted a $10,000 appearance bond and signed a $7,500 recognizance bond. Appellant failed to appear at a pretrial conference scheduled for August 26, 1994. The trial court issued a capias on September 1, 1994, for appellant's arrest. On this same date, the trial court also revoked appellant's bond and ordered the clerk of courts to disburse the funds according to law.
On January 24, 1995, appellant entered guilty pleas to one count of grand theft and one count of attempted grand theft. The trial court sentenced appellant accordingly. Appellant did not appeal. On January 8, 1998, appellant filed a motion for remission of penalty requesting the remittance of the bond that had been forfeited by the trial court on September 1, 1994. The trial court scheduled this matter for a non-oral hearing on January 30, 1998. The trial court subsequently overruled appellant's motion on March 2, 1998. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration.
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT DUE PROCESS OF LAW BY DISMISSING THE APPELLANT'S MOTION FOR REMISSION OF BOND MONEY WITHOUT PROVIDING THE APPELLANT WITH THE PROPER OPPORTUNITY TO PRESENT WITNESSES AND TESTIMONY IN SUPPORT OF THE MOTION.
 I
Appellant maintains, in his sole assignment of error, the trial court abused its discretion when it overruled his motion for remission of bond money without first conducting a hearing. We disagree.
The state contends appellant did not timely appeal this issue since the trial court filed the order forfeiting appellant's bond on September 1, 1994, and appellant did not file the current appeal until March 18, 1998. We disagree with this argument and will address the merits of this case because the current appeal is not from the order forfeiting the bond, but from the order of the trial court denying appellant's motion to remit forfeiture of the bond. Appellant timely filed a notice of appeal from that order. See State v. Shumaker (Feb. 18, 1994), Darke App. No. 1332, unreported, at 8.
The record in this matter indicates only appellant's name appears on the two documents entitled "Recognizance of the Accused 10% Bond". Although appellant's older sister gave him the money to post bond, bond was posted solely in appellant's name. Although this is a recognizance bond, which, under R.C.2937.36(C), requires the sureties to receive notice of default, the documents in this matter do not indicate the names or addresses of any sureties. Since no sureties were involved, there are no due process considerations and no notice is required.State v. Patton (1989), 60 Ohio App.3d 99, 104. Therefore, appellant was not entitled to a hearing prior to the trial court's decision overruling his motion for remission.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.