OPINION
{¶ 1} Defendant-Appellant Carlotte Owens ("Owens"), appeals the June 16, 2003 judgment entry of the Ashtabula Municipal Court, denying her motion to release bond money, arising from her failure to appear for her preliminary hearing originally scheduled on August 22, 2002. For the reasons set forth below, we reverse.
 {¶ 2} On August 8, 2002, Owens was arrested in the City of Ashtabula for felony drug trafficking and possession of criminal tools, in violation of R.C. 2925.03 (A)(1) and 2923.24 (A), respectively. On August 9, 2002, Owens was arraigned on the charges in the Ashtabula Municipal Court. At the arraignment, Owens was declared indigent and requested appointed counsel. The court appointed Joseph Humpolick ("Humpolick") as counsel. Additionally, the court set bond in the amount of $15,000. Upon posting of a 10% deposit, Owens was released. On the same day, the Clerk of Court issued a notice of preliminary hearing to Owens' address of record, scheduling a preliminary hearing on August 22, 2002.
 {¶ 3} On August 22, 2002, Owens failed to appear for her preliminary hearing, although Humpolick was present. There is no indication in the record that any reason was given for Owens' absence at this hearing. Accordingly, the court revoked Owens' bond and issued a Capias Warrant for her arrest.
 {¶ 4} On or around September 5, 2002, Carolyn K. Ranke ("Ranke"), filed a notice of appearance on behalf of Owens, and further filed a motion to waive preliminary hearing and a motion to recall capias with the court.
 {¶ 5} On September 16, 2002, Owens voluntarily appeared with Ranke before a magistrate and was advised of the purpose of, and her right to, a preliminary hearing. At this time, she knowingly and voluntarily waived that right in open court and contemporaneously executed a written waiver. In addition, the magistrate reinstated her bond, which had previously been revoked. The case was then bound over to the Ashtabula County Court of Common Pleas. On September 17, 2002, the trial court adopted all of the magistrate's recommendations except for the reinstatement of the bond, which the court found was previously forfeited. In its place, the trial court approved a $15,000 personal recognizance bond.
 {¶ 6} On November 15, 2002, Owens was arraigned in the Ashtabula County Court of Common Pleas. Bond recorded in the amount originally posted, including the 10% deposit rule, was continued.
 {¶ 7} On March 19, 2003, following the granting of Owens' motion to suppress, the charges against Owens were dismissed. On June 13, 2003, a motion to release bond money was filed in the municipal court. On June 16, 2003, this motion was denied by the court, which found that the money was previously forfeited.
 {¶ 8} Owens now appeals the denial of her motion and sets forth a single assignment of error:
 {¶ 9} "Appellant contends that the trial court erred in denying Appellant's Motion to Return Bond Money filed on or about June 13, 2003."
 {¶ 10} In her sole assignment of error, Owens argues that the trial court abused its discretion by denying her motion to release bond money, stating that the court had an obligation to determine whether the facts and circumstances of her non-appearance at the preliminary hearing and her initial failure to appear were sufficient to warrant forfeiture of the bail.
 {¶ 11} It has long been recognized that "[t]he purpose of bail `is to insure that the defendant appears at all stages of the criminal proceedings'." State v. Hughes (1986),27 Ohio St.3d 19, 20, quoting Crim.R. 46(A), and that the purpose of bail is not punitive, but rather serves to "secure the presence of the defendant." State v. Christensen, (Apr. 16, 1999) 2nd Dist. No. 98 CA 53, 1999 Ohio App. LEXIS 1652, *12, citing Dudley v.United States (C.A. 5, 1957) 242 F.2d 656.
 {¶ 12} Crim.R. 46(I) states that "[a]ny person who fails to appear before any court as required is subject to the punishment provided by the law, and any bail given for the person's releasemay be forfeited." (Emphasis added.) Furthermore, R.C. 2937.39, governing remittance of bail, provides that a court, on the appearance, surrender or rearrest of the accused, may remit all or a portion of the penalty as is deemed just. We, therefore, review a "trial court's bond forfeiture decision using an abuse of discretion standard." State v. Green, 9th Dist. Nos. 02CA0014, 02CA0019, 2002-Ohio-5769, at ¶ 11 (citation omitted).
 {¶ 13} An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted). Reversal, under an abuse of discretion standard, is not warranted merely because appellate judges disagree with the trial judge or believe the trial judge erred. Id. Reversal is appropriate only if the abuse of discretion renders "the result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984),15 Ohio St.3d 164, 222 (citation omitted).
 {¶ 14} RC 2937.35 provides that "if a defendant fails to appear, his bail may be adjudged forfeit. The statute states that the court may continue the matter to a later date, give notice of the continuance, and adjudge the bail forfeit upon a failure to appear at such later date." State v. Patton, (1989)60 Ohio App.3d 99, 102. Thus, the decision to declare a bond forfeited is within the trial court's sound discretion.
 {¶ 15} However, while the trial judge enjoys broad discretion in deciding whether a bail bond should be forfeited, a total forfeiture of the bond may not always be in the interest of justice. State v. American Bail Bond Agency (1998),129 Ohio App.3d 708, 712. Thus, the trial court's discretion, while broad, is not unlimited and in some cases, remission of the forfeited bail may be proper.
 {¶ 16} In determining whether remission of forfeited bail when there is no surety involved, is in the interest of justice, the court should review the following factors: 1) the reasons for the defendant's failure to appear, including whether the failure to appear was willful; 2) the inconvenience, expense, delay, or other prejudice to the prosecution; 3) the circumstances surrounding the subsequent appearance by the defendant, including the timing of the subsequent appearance, and whether or not it was voluntary; and 4) any mitigating circumstances. Patton,60 Ohio App.3d at 101.
 {¶ 17} The court should, in light of the facts and circumstances of each case, also consider whether justice requires the forfeiture of the entire amount of the bail. See id.; State v. Duran (2001), 143 Ohio App.3d 601, 604; AmericanBail Bond Agency, 129 Ohio App.3d at 712-713. Furthermore, the forfeiture order should bear some reasonable relation to the costs and inconvenience incurred in gaining custody of the accused and again preparing for trial. Patton,60 Ohio App.3d at 101, citing Appearance Bond Surety Cas. Co. v. UnitedStates (C.A. 8, 1980), 622 F.2d 334, 337; accord, Xenia v.Diaz, Greene App. No. 2003-CA-25, 2003-Ohio-6894, at ¶ 14;Stuber v. Stuber, 3rd Dist. No. 1-02-65, 2003-Ohio-1795 at ¶ 15.
 {¶ 18} Consequently, when considering a post-appearance bond remission under R.C. 2937.39, the trial court should evaluate and weigh the circumstances surrounding the reappearance of the accused and reasons for the defendant's failure to appear, with the inconvenience, expense and delay suffered by the prosecution, and any other factors relevant to the court. State v. Jackson,
153 Ohio App.3d 520, 2003-Ohio-2213 at ¶ 9. As long as the trial court considers these factors, no abuse of discretion will be found.
 {¶ 19} In this case, the record fails to support Owens' reason for her failure to appear; that she had made previous arrangements with the prosecutor's office to waive her right to a preliminary hearing and that she was advised that no appearance would, therefore, be necessary. Moreover, considering that the "veracity of [a party's] excuse is a matter reserved to the trial court," Stuber, 2003-Ohio-1795 at ¶ 16, since a written waiver of preliminary hearing was not executed prior to Owens' appearance on September 16, 2002, the trial court did not abuse its discretion in finding that Owens' excuse for failing to appear was unconvincing.
 {¶ 20} However, there is nothing in the record that demonstrates that Owens' absence caused any inconvenience, expense, or delay to the prosecution, other than the minor delay between the August 22, 2002 hearing at which Owens failed to appear and the September 16, 2002 hearing at which Owens appeared. Furthermore there was no indication that the prosecution was prejudiced by this 25-day delay. In fact, the charges were subsequently dismissed upon the trial court's granting of Owens' motion to suppress. Moreover, Owensvoluntarily appeared at the second hearing. In doing so, she waived her right to the preliminary hearing and, thus, it was unnecessary to subpoena any witnesses.
 {¶ 21} The trial court's judgment entry demonstrates that, in ordering the forfeiture, the trial court only considered its rejection of Owens' reason for her failure to appear and the fact that Owens did not appear at the initial hearing. There is no evidence in the record that the trial court considered any other factors in making its decision.
 {¶ 22} Since the record fails to demonstrate that the forfeiture bears some reasonable relation to any costs or inconvenience incurred, the trial court abused its discretion. See Patton, 60 Ohio App.3d at 102 (holding that the trial court abused its discretion in denying a motion to remit where the defendant voluntarily appeared one week after failing to appear); cf. Duran, 143 Ohio App.3d at 604-605 (upholding the trial court's decision ordering a forfeiture of a portion of bail where the trial court considered all relevant factors and the defendant's reappearance was involuntary, the state was prejudiced by the delay, and there was significant expense incurred in securing the defendant's reappearance).
 {¶ 23} For the foregoing reasons, Owens' sole assignment of error has merit. The decision of the Ashtabula Municipal Court is reversed and remanded. Upon remand, the trial court shall vacate its prior order declaring forfeiture of the bond and issue a new judgment ordering release of appellant's bond money.
Christley, J., O'Neill, J., concur.