OPINION
{¶ 1} Appellant Castle Bail Bonds, Inc. ("Castle") appeals the decision of the Cambridge Municipal Court that denied its motion for remittitur pursuant to R.C. 2937.39. The following facts give rise to this appeal.
 {¶ 2} A three-count complaint was issued against John Stoneman on June 25, 2003. The complaint alleged Stoneman committed acts constituting pandering obscenity involving a minor, unlawful possession of a dangerous ordinance and pandering sexually oriented matter involving a minor. Stoneman appeared before the trial court and the court set bond at $50,000. The trial court scheduled a preliminary hearing for July 10, 2003. Stoneman posted bond through Castle. Stoneman's parents assigned their residence as surety for the bond. Thereafter, Stoneman failed to appear for the preliminary hearing. The trial court ordered the bond forfeited pursuant to R.C. 2937.36.
 {¶ 3} During subsequent searches of Stoneman's residence, the authorities discovered evidence of numerous, more serious crimes, for which Stoneman was eventually charged. The Guernsey County Sheriff's Department, the FBI and Castle began searching for Stoneman. Although the trial court ordered forfeiture of the bond after Stoneman failed to appear at his preliminary hearing, Castle requested and the trial court granted until October 8, 2003, to capture Stoneman. Following a second request for additional time, the trial court conducted a hearing on October 20, 2003. At this hearing, the state and Castle agreed to an additional extension of thirty days, for Castle to capture Stoneman, before the trial court would issue judgment of forfeiture.
 {¶ 4} Castle failed to capture Stoneman within the thirty days. On November 21, 2003, the trial court entered judgment of forfeiture. Subsequently, in March 2004, the authorities captured Stoneman in Canada, following a tip from a viewer of the "America's Most Wanted" television program. On May 10, 2004, Castle filed a motion for remittitur of the bond. The trial court conducted a hearing on Castle's motion on June 7, 2004. On June 22, 2004, the trial court filed a judgment entry denying Castle's motion for remittitur. Castle timely filed a notice of appeal and sets forth the following sole assignment of error for our consideration:
 {¶ 5} "I. The trial court erred when it refused to order remission of at least a portion of the $50,000.00 bond forfeiture where the court is required to balance the efforts of the surety to effectuate recapture against the inconvenience, expense and delay to the state resulting from the failure of the accused to attend a preliminary hearing."
 I {¶ 6} In his First Assignment of Error, appellant maintains the trial court erred when it refused to remit a portion of the $50,000 bond forfeiture. We disagree.
 {¶ 7} R.C. 2937.39 provides for the remission of bond and states as follows:
 {¶ 8} "After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the persons entitled thereto under order or remission."
 {¶ 9} "In allowing remission, it is apparent the General Assembly recognized that complete forfeiture in some cases are (sic) unjust and that professional sureties perform a valuable social function and that their operation should not be made so difficult that such services will be denied to persons charged with crimes." State v. Williams, et al.
(Feb. 14, 1985), Washington App. No. 82 x 45, at 4. In deciding whether to grant motions to remit a prior revocation of bail, trial court's are to consider the following factors:
 {¶ 10} "* * * [T]he ultimate appearance of the defendant as grounds for recompensation[,] * * * the inconvenience and delay to the prosecution, the expense involved, [and] the willfulness of the violation as well as any other mitigating circumstances. * * * Regardless of the circumstances under which forfeiture is declared, it may be set aside `* * * "if it appears that justice does not require' enforcement." * * *.' Overall, a bond forfeiture order should bear some reasonable relation to the costs and inconvenience incurred in gaining custody of the accused and again preparing for trial." State v. Patton (1989),60 Ohio App.3d 99, 101.
 {¶ 11} As an appellate court, our review is limited to a determination of whether the trial court abused its discretion. State v. Am. Bail BondAgency (1998), 129 Ohio App.3d 708, 713; Patton at 101. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} Castle contends the trial court abused its discretion when it denied the motion for remittitur because the state offered no evidence to suggest that any inconvenience, expense or delay incurred by the state outweighed the efforts expended by Castle to effectuate Stoneman's capture. Specifically, Castle argues Stoneman failed to appear, for a preliminary hearing, not trial. Further, Detective Davis, from the Guernsey County Sheriff's Department, was not able to quantify the cost of law enforcement efforts. Tr. June 7, 2004, at 41. Finally, Detective Davis admitted Stoneman's failure to appear, at the preliminary hearing, did not prejudice the criminal case against him. Id.
 {¶ 13} Based upon this evidence, Castle maintains the trial court abused its discretion because it failed to evaluate the evidence and balance the competing interests of the parties given the public policy behind R.C. 2937.39. Castle also maintains there was no evidence that any inconvenience to the state exceeded the exhaustive efforts of the surety and that a reasonable balancing would have required remission of at least half of the bond forfeiture.
 {¶ 14} We conclude, based upon our review of the record in this matter, the trial court did not abuse its discretion when it denied Castle's motion for remittitur. There is substantial evidence, in the record, regarding the efforts and expense incurred by the local and/or federal agencies in attempting to capture Stoneman. Detective John Davis testified that he could not quantify the number of hours he spent on this case, however, he spent at least several days each week since July 2003, involved in active attempts to capture Stoneman. Id. at 38. Detective Davis, along with the FBI and the local county sheriff, contacted "America's Most Wanted," which ultimately led to Stoneman's capture. Id. at 36. Finally, Detective Davis testified that he and several others traveled to various cities in their efforts to locate Stoneman and retrieve him from Canadian authorities. Id. at 40, 43-44.
 {¶ 15} Although Castle assigned Andre Skeeter, as an investigator, to locate Stoneman, Castle paid Mr. Skeeter less than $500 for his services. Id. at 29-30. Further, Castle never paid the $10,000 reward to the tipster who assisted in the capture of Stoneman. Id. at 22. Also, Castle was not involved in the arrest, capture and/or return of Stoneman.
 {¶ 16} We further find unpersuasive Castle's argument that the trial court failed to evaluate the evidence and balance the competing interests of the parties. The trial court correctly identified the applicable law and applied it to the facts of the case sub judice. In doing so, the trial court did not abuse its discretion.
 {¶ 17} Accordingly, the trial court did not err when it denied Castle's motion for remittitur.
 {¶ 18} For the foregoing reasons, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is hereby affirmed.
Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is affirmed.
Costs assessed to Appellant.