{¶ 17} I agree that the trial court abused its discretion when it proceeded to final judgment on the matter and amount of remission without considering the costs and inconvenience incurred in regaining custody of Defendant-Appellant Thornton, to which the remission ordered pursuant to R.C. 2937.39 should bear some reasonable relation. R.C. 2937.39; State v. Patton (1989),60 Ohio App.3d 99.
 {¶ 18} The State argues, and should be expected to argue on remand, that because the surety, Safety National Casualty Company, bears the burden of proof on the matter of remission and its amount, the surety must present evidence relevant to the costs and inconvenience incurred. Apparently, other than general representations, no evidence was offered by the surety from which those matters could be quantified in relation to the bond forfeiture the court had ordered.
 {¶ 19} The court itself should know what costs and inconvenience the court incurred. However, because the cost and inconvenience to the State involves facts peculiarly within the State's knowledge, and is susceptible to proof by the State because of that peculiar knowledge, the State should be required to offer evidence showing what costs and inconvenience it incurred. Any omission to produce important and relevant evidence in its possession raises a presumption that, if produced, such evidence would be unfavorable to the State. See: 42 Ohio Jurisprudence 3d, Evidence and Witnesses, Section 104.
 {¶ 20} On remand, though the surety bears the ultimate burden of proof on its request to remit a portion of the forfeited bond, the court should require the State to come forward with evidence in its possession relevant to prove the cost and inconvenience incurred by the State, its witnesses, and law enforcement authorities.