[Cite as *N. Olmsted v. Ness*, 2011-Ohio-3076.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96261

---

## CITY OF NORTH OLMSTED

PLAINTIFF-APPELLEE

vs.

## DEBORAH NESS, ET AL.

DEFENDANT

[Appeal By Ted Bowman]

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Rocky River Municipal Court
Case No. 09CRB1199

**BEFORE:** Celebrezze, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   June 23, 2011

**ATTORNEY FOR APPELLANT**

James Alexander, Jr.
Pittman & Alexander
2490 Lee Road
Suite 115
Cleveland Hts., Ohio   44118

**ATTORNEY FOR APPELLEE**

Michael Gordillo
City Prosecutor
City of North Olmsted
5200 Dover Center Road
North Olmsted, Ohio   44070

FRANK D. CELEBREZZE, JR., J.:

{¶ 1}  Ted Bowman ("appellant") appeals the judgment of the Rocky River Municipal Court denying his application for remission of the surety bond he posted on behalf of the defendant, Deborah Ness, ("defendant").  The appellee did not file a brief in this appeal; therefore, in considering this appeal, we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."  App.R. 18(C).  After careful review of the record and relevant case law, we reverse the judgment of the lower court.

{¶ 2} On June 5, 2009, the city of North Olmsted charged the defendant with disorderly conduct in violation of North Olmsted Codified Ordinances 509.03(B)(2) and possession of drug paraphernalia in violation of R.C. 2925.14(C)(2). On October 29, 2009, the defendant pled no contest to the possession of drug paraphernalia charge. On November 9, 2009, the court imposed a sentence on the defendant that required a jail term, a fine, and community control. The defendant's disorderly conduct charge was nolled.

{¶ 3} On May 15, 2010, a probation violation charge was filed against the defendant pursuant to the November 9, 2009 judgment. On May 20, 2010, the trial court arraigned the defendant on the probation violation charge and set a bond at $10,000 (ten percent). On May 21, 2010, the defendant executed the bond, which is captioned "recognizance," and agreed to appear in the Rocky River Municipal Court on May 24, 2010. In accordance with the recognizance agreement, appellant posted the defendant's $1,000 bond as suretor. When the defendant failed to appear in court on May 24, 2010, a capias was issued and an oral hearing was set for appellant to appear on May 27, 2010 to show cause why the bond should not be forfeited. On May 27, 2010, appellant appeared in court but was unable to locate or produce the defendant. On that date, the court entered an order forfeiting the bond. In furtherance of the forfeiture, the court entered an

order on June 9, 2010 applying $686 of the bond to "other fines" and $314 to traffic bond forfeiture.

**{¶ 4}** On November 19, 2010, appellant filed an application for remission of penalty or for vacation of the same with the trial court. On November 23, 2010, the application was denied without a hearing. Appellant initiated this appeal from the denial of his application for a return of the bond. He raises two assignments of error.

## Law and Analysis

**{¶ 5}** In his first assignment of error, appellant argues that "[t]he trial court erred as a matter of law when it improperly forfeited defendant's bond." For the reasons forthcoming, we agree.

**{¶ 6}** The decision to remit a forfeited bond is a matter within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Patton* (1989), 60 Ohio App.3d 99, 101, 573 N.E.2d 1201. An abuse of discretion connotes that the court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶ 7}** Crim.R. 46(I) provides: "Any person who fails to appear before any court as required is subject to the punishment provided by the law, and any bail given for the person's release may be forfeited."

**{¶ 8}** When the defendant failed to appear in court on May 24, 2010, the bail was clearly subject to forfeiture. However, pursuant to R.C. 2937.36, the trial court was required to meet certain statutory requirements upon ordering the forfeiture. R.C. 2937.36, provides in pertinent part:

**{¶ 9}** "Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows: * * * (C) As to recognizances, he shall notify accused and each surety by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice*, and which shall be not less than twenty nor more than thirty days from date of mailing notice,* why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail." (Emphasis added.)

**{¶ 10}** After careful review of the record, we find that the trial court did not follow the statutory procedure established in R.C. 2937.36(C), which requires the court to provide a timely show cause hearing before judgment forfeiting the bond can be entered against a surety. Under R.C. 2937.36(C), a surety is entitled to at least 20 days notice before he is required to appear in court, either to produce the defendant or to show cause as to why he cannot produce the defendant. In the instant case, appellant did not receive at least 20 days notice before the court entered judgment against him. The record reflects that, prior to forfeiting appellant's bond, the trial court only gave appellant a period of three days to produce the defendant to the court from the date of the defendant's failure to appear on May 24, 2010. Additionally, there was nothing in the record showing service of the new hearing date upon the defendant.

**{¶ 11}** Consequently, we find that the trial court abused its discretion when it entered judgment against appellant on the bail bond without complying with the provisions of R.C. 2937.36(C). See *State v. Green*, Wayne App. Nos. 02CA0014 and 02CA0019, 2002-Ohio-5769, ¶16 ("surety and agent did not receive at least 20 days notice on a show cause hearing before the court entered judgment against surety"); *State v. Ramey*, Lucas App. No. L-08-1040, 2008-Ohio-3275, ¶12 ("A trial court abuses its discretion when it

does not follow the period required by the statute by giving at least 20 days notice o[f] a show cause hearing to the surety and agent before they must appear in court.").

**{¶ 12}** Granted, the defendant breached a condition of bond. Nevertheless, the trial court failed wholly in following the mandates prescribed by R.C. 2937.36. As such, this court is left with no other recourse but to vacate the forfeiture of bond and enter judgment in favor of appellant.

**{¶ 13}** The forfeiture of bond is hereby vacated, and judgment is hereby entered in favor of appellant entitling him to full reimbursement of the previously tendered bond. In light of the foregoing, appellant's remaining assignment of error is rendered moot.[1]

**{¶ 14}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.

---

[1] Appellant's second assignment of error states: "The trial court abused its discretion when it denied appellant's motion for remission without a hearing."

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR