**APPEARANCE BOND SURETY,**
**Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 79–2037.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 1, 1980.

Decided May 9, 1980.

Warren C. Ivers, pro se.

Thomas K. Berg, U. S. Atty., and Ann D. Montgomery, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Warren C. Ivers (surety), appeals the district court order remitting $75,000 of a $100,000 appearance bond he executed as surety on behalf of his son, Stephen W. Ivers, (Ivers).

In August 1978, Ivers was indicted for distributing and conspiring to distribute phencyclidine, commonly known as PCP, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2, and for conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848. Pursuant to a plea bargain, Ivers pled guilty to the continuing criminal enterprise charge on December 6, 1978. On the morning of February 1, 1979, he appeared before the district court for sentencing. His counsel notified the court that Ivers wished to withdraw his guilty plea. Pursuant to his request the matter was continued until 2:00 P.M. that afternoon. When Ivers failed to reappear, a bench warrant was issued for his arrest.

After a four hour search by agents of the Minneapolis and Seattle Drug Enforcement

Administrations, the United States Marshal's Service, the Minneapolis Police Department and the Minnesota Bureau of Criminal Apprehension, Ivers was apprehended at a Minneapolis motel where he was registered under an assumed name. He appeared before the district court the following morning and pled guilty. He was sentenced to 13 years in prison and fined $45,000. After pronouncing sentence, the district court ordered the appearance bond forfeited. The surety then filed a motion to set aside the forfeiture and for exoneration pursuant to Fed.R.Crim.P. 46(e)(2) & (f). After a hearing in the district court on this motion, the surety filed a motion for remission of the forfeiture pursuant to Fed. R.Crim.P. 46(e)(4). The district court denied the motion for remission of the entire bond, finding that the seriousness of the crimes charged justified remission of only $75,000, and this appeal followed.

In this pro se appeal the surety argues the district court erred in: (1) declaring the forfeiture after sentencing; (2) failing to consider the willfulness of the breach before ordering the forfeiture; and (3) focusing almost exclusively upon the seriousness of the crime in ordering only a partial remission. We agree that the district court abused its discretion in remitting only $75,-000 of the $100,000 bond. We therefore reverse and remand with directions to enter an order remitting $99,000.

■ The surety's first contention is that the order of forfeiture entered after sentencing is void because Ivers' appearance on February 2nd satisfied the condition of the bond, and because his liability on the bond was terminated when Ivers surrendered to the custody of the United States Marshal after sentencing. We reject this contention. By Ivers' failure to appear before the district court the afternoon of February 1st

as ordered, the bond agreement was breached and the surety became absolutely liable in the amount of the bond. *See United States v. Foster*, 417 F.2d 1254, 1256 (7th Cir. 1969). Fed.R.Crim.P. 46(e)(1), which mandates entry of a forfeiture order upon breach of a condition, does not specify that the order must be entered at the time the bench warrant is issued. We conclude that neither the timing of the order nor Ivers' subsequent appearance on February 2nd affected the liability of the surety for the February 1st breach of the appearance bond.[1] *See United States v. Foster*, 417 F.2d 1254 (7th Cir. 1969).

■ For the same reasons we reject the contention that the willfulness of the breach should have been considered in ordering a forfeiture under Fed.R.Civ.P. 46(e)(1). Upon breach of the agreement, the district court had no discretion in determining whether the bond should be forfeited. *See United States v. Nolan*, 564 F.2d 376, 378 (10th Cir. 1977). Willfulness only becomes a factor in determining whether justice requires enforcement of the forfeiture upon a motion to set it aside pursuant to Fed.R.Crim.P. 46(e)(2) or to remit the amount forfeited pursuant to Fed.R.Crim.P. 46(e)(4). *Id.*

■ The surety's final contention is that the court's remission of only $75,000 is an abuse of discretion. We agree. According to Fed.R.Crim.P. 46(e)(2) & (4), a forfeiture may be set aside or remitted in whole or in part if justice does not require enforcement. The factors to be considered include the willfulness of the breach, the expense, inconvenience and delay to the government, and any other mitigating circumstances. *See United States v. Stanley*, 601 F.2d 380, 382 (9th Cir. 1979); *see e. g., United States v. Nash*, 429 F.2d 533 (8th Cir. 1970); *Larson v. United States*, 296

---

1. The cases cited by the surety are inapposite, for the issue in those cases was whether the surety was still liable on the bond at the time of the defendant's failure to appear. *See, e. g., Palermo v. United States*, 61 F.2d 138 (8th Cir. 1932), *cert. denied*, 288 U.S. 600, 53 S.Ct. 318, 77 L.Ed. 976 (1933) (surety liable by the language of the bond for any breach occurring between date plea entered and date of sentencing); *United States v. D'Anna*, 487 F.2d 899 (6th Cir. 1973) (surety not liable where court cancelled the bond after sentencing and surety had not consented to extension of the bond to cover the delay in the commencement of the defendant's sentence).

F.2d 167 (8th Cir. 1961). Moreover, "[the] forfeiture ought to bear some reasonable relation to the cost and inconvenience to the government of regaining custody and again preparing to go to trial." *United States v. Kirkman,* 426 F.2d 747, 752 (4th Cir. 1970).

■ Although there is evidence the breach was willful,[2] the expense, inconvenience and delay to the Government were minimal. Ivers was apprehended at 6:00 P.M. after only a four hour search, and he appeared before the district court and plead guilty the following morning. We conclude that justice does not require forfeiture of $25,000, and that all but $1,000 should be remitted.

The district court order remitting $75,000 is reversed, and the case remanded with directions to enter an order remitting $99,-000 of the forfeited surety bond.

---

**2.** Ivers' companion, Linda Lambert, testified he consumed half a bottle of whiskey between 12:00 P.M. and 1:00 P.M. on February 1, 1979. However, the desk clerk who checked him in at 3:00 P.M. and the arresting officer both testified he did not appear to be intoxicated.