UNITED STATES of America, Plaintiff,

v.

Robert RAMOS, Defendant,

and

American Bankers Insurance Company of Florida, Surety.

No. 87–0033–CR.

United States District Court,
S.D. Florida.

Aug. 26, 1987.

Leah Simms, Asst. U.S. Atty., Miami, Fla., for government.

Robert E. Boan, Miami, Fla., for defendant Ramos.

Sperber Harris, Miami, Fla., for American Bankers.

ORDER ON MOTION FOR APPEARANCE BOND FORFEITURE JUDGMENT AND MOTION TO REMIT ESTREATURE AND TO DISCHARGE THE SURETY

ATKINS, District Judge.

This Cause is before the Court on the Government's Motion for Appearance Bond Forfeiture Judgment and the Surety's Motion to Remit Estreature and to Discharge the Surety. The Court has considered the pleadings filed in this matter, the relevant law, the testimony, and oral argument. It is thereupon

ORDERED AND ADJUDGED as follows:

1. The Motion for Appearance Bond Forfeiture Judgment is GRANTED in the amount of $7,000.00.

2. The Motion to Remit Estreature and to Discharge the Surety is GRANTED in the amount of $93,000.00.

Rule 46(e)(2) provides that the district court may set aside, in whole or in part, a forfeiture if justice does not require it. The district court has broad discretion to determine whether it appropriate to set

aside or remit the forfeiture. *United States v. Bass*, 573 F.2d 258 (5th Cir.1978). The court's discretion is guided by the factors set forth in *United States v. Parr*, 594 F.2d 440, 444 (5th Cir.1979). They include:

a) The cost and inconvenience to the Government;

b) the state of the proceedings when the defendant absconded;

c) The deliberateness of the breach;

d) The prejudice to the Government and the public interest.

The forfeiture should bear a reasonable relation to the cost and inconvenience to the Government in regaining custody. *United States v. Kirkman*, 426 F.2d 747, 752 (4th Cir.1970). Other mitigating factors may be considered, including the participation of the bondsman in the defendant's rearrest. *See e.g. Appearance Bond Surety v. United States*, 622 F.2d 334 (8th Cir.1980).

The defendant failed to appear for trial on April 13, 1987. Pursuant to efforts initiated by the United States Marshals Service, with the aid of American Bankers Insurance, he surrendered to the Court on May 13, 1987. The Marshals' investigation revealed that all personal information provided to the Court by the defendant was false. American Bankers provided the Marshals with the correct name of the defendant. Concurrent with the Marshals' efforts, American Bankers hired two investigators, followed up on the addresses and phone numbers of defendant and his family, conducted surveillance of family members in contact with defendant, and turned over all information to the Marshals once it was discovered. In addition, American Bankers' investigation revealed that defendant's children were in Montgomery, Alabama. One of its investigators informed defendant's wife that he would go to Montgomery to interview the children. This apparently prompted defendant's wife to contact his lawyer, who subsequently contacted the Government and informed them that the defendant would surrender.

The Government estimates that the value of the services it rendered in efforts to re-arrest the defendant is between $5,000.00 and $7,000.00. This figure includes both man hours and the use of Government facilities and equipment. Furthermore, the Government has indicated that it has no objection to partial remission of the forfeiture in this case in light of the surety's efforts toward re-arresting the defendant.

On the basis of the foregoing, the Court finds that the Government is entitled to forfeiture in the amount equal to the estimated value of its services in the investigation of defendant's failure to appear, and that American Bankers is entitled to remission of the remainder of the bond in the amount of $93,000.00. In arriving at this decision, the Court notes that the defendant's failure to appear was willful. However, American Bankers expended a great deal of time and effort in the investigation of the defendant's whereabouts, and its efforts revealed the defendant's real name and apparently prompted defendant's wife and attorney to contact defendant to encourage his surrender. Courts have taken the surety's efforts into account when deciding whether to remit an appearance bond. *See e.g. Appearance Bond Surety*, 622 F.2d at 336 [District Court abused its discretion in remitting $75,000.00 of $100,000.00 bond to surety, and ordered $99,000.00 remission to surety where inconvenience and cost to Government was minimal]. Furthermore, the remaining forfeiture of $7,000.00 bears a reasonable relation to the cost and inconvenience to the Government in this regard, and would serve to minimize any prejudice to the Government caused by the delay in bringing the defendant to trial. On the basis of the foregoing, therefore, the Court finds that justice does not require a forfeiture beyond the $7,000.00 expended by the Government in searching for the defendant.