OPINION
{¶ 1} Defendant-Appellant, Michael Stuber, appeals an Allen County Common Pleas Court, Domestic Relations Division, decision ordering forfeiture of money deposited to secure his appearance and imposing jail sentence for failure to pay child support. Appellant argues that the trial court abused its discretion by ordering forfeiture upon his late appearance. Considering the expense and inconvenience occasioned by his repeated failures to appear for scheduled hearings, we find that forfeiture was neither unreasonable, arbitrary, nor unconscionable. Appellant further claims that he is disabled and does not have the ability to pay child support. However, Appellant signed an agreed entry whereby he was found to be in contempt without justification and subsequently failed to submit evidence substantiating that he had complied with the entry's purge conditions or was otherwise was unable to work. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} At the outset, we note that the Allen County Child Support Enforcement Agency ("ACCSEA") has failed to file an appellate brief in this matter. App.R. 18(C) outlines the consequences of the failure of an appellee to file a brief:
 If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
 We cannot overemphasize the importance of filing a brief and caution parties against this neglectful approach to appeals. Despite this discretion, Appellant's brief has failed to convince us that errors occurred in the trial court and we are unable to sustain his assignments of error.
 {¶ 3} Appellant and his wife were divorced on June 11, 1984, having two children born as issue of the marriage. Custody of the children was awarded to Appellant's wife, and Appellant was ordered to pay child support.
 {¶ 4} In September 1985, Appellant was found in contempt for failure to pay child support, sentenced to ten days confinement, and fined $250. Appellant was granted leave to purge the contempt by keeping his support current and making arrearage payments.
 {¶ 5} In March 1987, the court found that Appellant continued to willfully refuse to pay child support, refused to provide documentation of his financial capabilities, failed to present any evidence to substantiate claims of inability to pay, and had purposefully diverted funds and assets from his name to a non-profit corporation to avoid the support order.
 {¶ 6} On December 26, 1996, Appellant's wife and the Ohio Department of Human Services, through the ACCSEA, moved the court to find him in contempt and impose sentence for his continued refusal to pay child support. In response, Appellant claimed to have suffered debilitating injuries. Nevertheless, on March 17, 1997, Appellant signed an agreed entry where he was found to be in contempt without just cause and sentenced to an additional sixty-days of confinement. The sentence was suspended, conditioned upon Appellant immediately seeking employment or providing ACCSEA documentation substantiating his medical conditions, treatments, and progress every ninety days.
 {¶ 7} On May 19, 2000, ACCSEA again moved for contempt and imposition of the previously suspended sentence, citing Appellant's continued failure to make support or arrearage payments. The matter was continued until March 2001, affording Appellant opportunity to obtain documents relating to his alleged medical conditions. However, on March 7, 2001, Appellant again signed an agreed entry whereby he was found in contempt without just cause. He was sentenced to an additional thirty-day confinement, but was again provided the opportunity to purge the contempt by either making support and arrearage payments or by immediately seeking employment.
 {¶ 8} When Appellant failed to appear for a June 25, 2001 hearing on execution of the suspended jail sentence, the trial court issued a bench warrant for his arrest and ordered a $2,500 bond to secure his appearance. After his arrest, Appellant was released upon a recognizance, and directed to appear at the call of the court for all further hearings. Proceedings were subsequently delayed twice by Appellant. Once by a futile attempt to have the case removed to federal court, which resulted in Appellant being cited for a frivolous attempt to remove. Second, by Appellant filing his fifth affidavit of bias with the Ohio Supreme Court, seeking disqualification of Judge Staley. The Chief Justice denied the request after finding no evidence supporting his allegations.
 {¶ 9} The hearing on execution of jail sentence was eventually rescheduled for March 18, 2002. However, Appellant again failed to appear, causing another bench warrant to be issued for his arrest. Bond was increased to $5,000. Appellant was released upon posting ten percent, again provided additional time to investigate and prepare defenses, and instructed to appear at 8:30 a.m. on May 7, 2002.
 {¶ 10} Although properly served with notice of the May 7, 2002 proceeding, Appellant failed to appear on time. When he arrived approximately twenty minutes late, the hearing proceeded. Appellant claimed that his ride was untimely, the county roads were wet, and it had taken fifteen minutes to find parking. Citing his repeated absences, continued attempts to delay the proceedings, and opportunities afforded to prepare his case, the court found that Appellant appeared late without good cause and ordered forfeiture of the posted bond. Upon consideration of the evidence presented, the court further found that Appellant failed to purge himself of the contempt and ordered that he serve thirty days of the suspended sentence and begin making monthly payments of $21.67 toward his outstanding obligation
 {¶ 11} Appellant appeals the entry ordering execution of sentence, presenting two assignments of error for our review.
Assignment of Error Number One
 The Trial Court erred in abusing its discretion and forfeiting Defendant-Appellant's bond.
 {¶ 12} In his first assignment of error, Appellant contends that the trial court abused its discretion by forfeiting the appearance bond upon determining that he had no good cause for failing to arrive at the call of court. He claims that the delay was not willful and caused no inconvenience or additional expense upon the court or parties.
 {¶ 13} Bond forfeiture and remittance determinations lie within the sound discretion of the trial court and will not be reversed unless the trial court abused its discretion.[1] An abuse of discretion occurs when a court renders a decision that is arbitrary, unreasonable or unconscionable.[2] "A decision is unreasonable if there is no sound reasoning process that would support that decision."[3]
 {¶ 14} R.C. 2937.35 states, in pertinent part:
 Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date.
 Similarly, Crim.R. 46 provides: "(M) Forfeiture of bonds. If there is a breach of condition of a bond, the court shall declare a forfeiture of the bail. Forfeiture proceedings shall be promptly enforced as provided by law."
 {¶ 15} In determining whether to remit a forfeited bond, the court should consider the ultimate appearance of the defendant as grounds for recompensation.[4] Other factors to consider include the resulting inconvenience and delay, the expense involved, and the willfulness of the violation, as well as any other mitigating circumstances.[5] Regardless of the circumstances under which forfeiture is declared, it may be reduced or set aside if it appears that justice does not require enforcement.[6] Overall, a bond forfeiture order should bear some reasonable relation to the costs and inconvenience incurred in gaining custody of the accused and again preparing for trial.[7]
 {¶ 16} We do not find that the trial court abused its discretion by ordering forfeiture of the deposit when, having been twice arrested for failure to appear, required to post bond to secure release, and directed to appear at the call of court for all further proceedings, Appellant breached his bond conditions by failing to arrive at the scheduled time for the hearing. As for remittance of the funds, we find that the inconvenience, delay, and expense involved in gaining custody of Appellant outweighed his ultimate appearance or any other mitigating factors. Although Appellant contends that the violation was not willful and that the forfeiture is unjust in light of his limited means, he bore the ultimate responsibility to appear as scheduled, the veracity of his excuse is a matter reserved to the trial court,[8] and, as discussed below, he failed to submit evidence substantiating that he was unable to work. Therefore, we cannot find that any refusal to remit any portion of the bond was arbitrary, unreasonable or unconscionable.
 {¶ 17} Accordingly, Appellant's first assignment of error is overruled.
Assignment of Error Number Two
 The Trial Court erred in abusing its discretion and imposing a jail sentence on Defendant-Appellant, for failure to pay child support, when said Defendant-Appellant is financially unable to pay and physically unable to work.
 {¶ 18} For his second assignment of error, Appellant argues that the trial court abused its discretion by finding that he had not purged himself of the contempt for failure to pay child support. He claims that it was "clearly shown" that he is physically unable to work and dependent upon Supplemental Security Income ("SSI").
 {¶ 19} An appellate court will not reverse a trial court's decision in a contempt proceeding absent an abuse of discretion.[9] "In a civil contempt proceeding for failure to pay court-ordered support, the movant must prove, by clear and convincing evidence, that the defendant violated the court order at issue. The movant, however, is not required to prove that the defendant's disregard of the court order was willful or intentional. Once the movant has sufficiently demonstrated the defendant's failure to pay the support as ordered, the defendant bears the burden of alleging and proving his inability to comply with the court order, as the order imports a finding of the court that the defendant is able to pay."[10] "The person who failed to comply must show his inability to `be real and not self-imposed, nor due to fraud, sharp practices, or intentional avoidance.'"[11]
 {¶ 20} Pursuant to the March 7, 2001 entry, Appellant agreed that he was in contempt of the child support orders without just cause and was provided the opportunity to purge the contempt by either making support and arrearage payments or by immediately seeking employment. While the only issue before the court at the contempt hearing was whether Appellant had purged himself according to the terms of the agreed entry, the court permitted the introduction of evidence relating to his purported disabilities. Although he claimed to suffer from a variety of medical conditions, he failed to submit any documentation of his alleged ailments. Furthermore, while Appellant testified that he received SSI, he provided no documentation supporting this claim, the nature of any benefits received, or the existence or extent of any corresponding disability determination. He further admitted that he was unsure of the extent to which he was permitted to work while receiving the benefits.
 {¶ 21} We find the trial court acted within its proper discretion in finding Appellant in contempt. This was not the first time Appellant had been before the court for contempt, and he was fully aware of his obligations. Despite being provided specific opportunities to prepare his defense and put on evidence, he neglected to do so. "Appellant cannot shield himself from the trial court's powers in contempt proceedings by making naked allegations, with no supporting evidentiary material, that he was unable to pay court-ordered child support."[12] In the absence of documentary evidence confirming Appellant's claims, the trial court was forced to make a finding based on the credibility of his own, self-serving testimony.[13] As discussed above, Appellant had previously diverted assets to avoid his support obligation and repeatedly refused or failed to provide documentation of his financial capabilities or evidence to substantiate claims of inability to pay. Therefore, based upon the evidence presented at the hearing, it was reasonable for the court to conclude that Appellant failed to meet his burden of proving inability to comply with the order.
 {¶ 22} Accordingly, Appellant's second assignment of error is overruled.
 {¶ 23} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Allen County Common Pleas Court, Domestic Relations Division, is hereby affirmed.
Judgment affirmed.
 BRYANT, P.J. and SHAW, J., concur.
[1] See State v. Green (Oct. 23, 2002), 9th Dist. App. Nos. 02CA0014, 02CA0019, 2002-Ohio-5769, ¶ 11; State v. Patton (1989),60 Ohio App.3d 99, 101.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[3] AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161.
[4] Patton, 60 Ohio App.3d at 101, citing United States v. Bass
(5th Cir. 1978), 573 F.2d 258, 260.
[5] Id., citing Appearance Bond Surety v. United States (8th Cir. 1980), 622 F.2d 334, 336, and Worth v. State (1931), 39 Ohio App. 227.
[6] Id., quoting Accredited Surety Cas. Co. v. United States
(4th Cir. 1983), 723 F.2d 368, 369.
[7] Id., citing Appearance Bond, supra, at 337.
[8] See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80.
[9] State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10,11.
[10] Rinehart v. Rinehart (1993), 87 Ohio App.3d 325, 328, citing Pughv. Pugh (1984), 15 Ohio St.3d 136, 139-140.
[11] Keeley v. Keeley (July 21, 1997), 12th Dist. App. No. CA97-02-013, quoting DeWitt v. DeWitt (Mar. 22, 1996), 2nd Dist. App. No. 1386, and Wagner v. Wagner (July 10, 1987), 2nd Dist. App. No. CA-10115.
[12] Spring v. Spring (April 17, 1996), 5th Dist. App. No. 95AP080058; see, also, Leasure v. Leasure (Mar.12, 1998), 8th Dist. App. No. 72415.
[13] See, Heahn v. Haehn (May 8, 2001), 7th Dist. App. No. 00 CO 41, dismissed, appeal not allowed by (2001), 93 Ohio St.3d 1413.