# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1730
_____

Sunny Leigh Hassell

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 15, 2021
Filed: December 16, 2021
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Sunny Leigh Hassell pled guilty to receiving a healthcare kickback in violation of 42 U.S.C. § 1320a-7b(b)(1)(A). The district court[1] sentenced her to 12 months and 1 day in prison, but allowed her to remain free on an existing $5,000

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

bond pending designation by the Bureau of Prisons (BOP). Hassell violated it. The district court revoked the bond and denied her request to set aside the forfeiture. She appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

After her indictment, the district court set Hassell's unsecured bond in the amount of $5,000. It was subject to forfeiture if she failed to: (1) "appear for court proceedings;" (2) "surrender to serve a sentence that the court may impose;" or (3) "comply with all conditions set forth in the Order Setting Conditions of Release." Part of the Order required Hassell to communicate with her probation officer and actively seek employment. After sentencing, the district court allowed her to remain free pending designation by the BOP, subject to the same bond terms. Before she began her sentence, Hassell violated the conditions of her bond by failing to respond to calls and texts from her probation officer and failing to update the officer on her employment and custody hearings. The court issued a warrant for her arrest. After a two-day search, the United States Marshals found her hiding in a hotel room.

The district court held a bond revocation hearing. The probation officer testified that Hassell had not complied with the terms of her bond. Hassell asserted she could not return calls and texts because she was having trouble with her phone. The court revoked Hassell's bond and referred the issue of forfeiture to a magistrate judge. The magistrate judge declared it forfeited. The district court denied the motion to set aside the forfeiture without a hearing.

This court reviews the denial of a motion to set aside a bond forfeiture for abuse of discretion and will not reverse unless the district court's decision has been "arbitrary and capricious." *Bennett v. United States*, 368 F.2d 7, 8 (8th Cir. 1966). Federal Rule of Criminal Procedure 46(f)(1) provides that the "court must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). *See Appearance Bond Sur. v. United States*, 622 F.2d 334, 336 (8th Cir. 1980) ("Upon breach of the agreement, the district court had no discretion in determining whether the bond should be forfeited."). Although forfeiture under Rule 46 is mandatory, a district court has discretion to "set aside in whole or in part a bail

-2-

forfeiture" if "it appears that justice does not require bail forfeiture."  Fed. R. Crim. P. 46(f)(2)(B).

The district court did not abuse its discretion in declining to set aside the bond. Deciding whether to set aside a bond, the district court considers three factors: (1) the willfulness of the breach, (2) the expense, inconvenience, and delay to the government, and (3) any other mitigating circumstances.  *Appearance Bond Sur.*, 622 F.2d at 336.  The district court thoroughly discussed these three factors:

> As to the first factor, Defendant argues that her mental state at the time of these events weighs against a finding of willfulness.  Specifically, she argues that she was reeling from receiving a prison sentence and the concomitant loss of custody of her son.  But Defendant should have expected a prison sentence, as her Guideline range was 24 to 30 months. As a single parent who was likely headed to prison, she should also have expected to lose custody of her son.  The fact that Defendant was surprised by two likely outcomes does not convince the Court that her breach was accidental.  Instead, these facts tend to show that Defendant willfully disobeyed the Court's release conditions because she was unhappy with her sentence.  Thus, the first factor weighs against setting aside or remitting the bond forfeiture.
>
> The second factor also weighs against setting aside or remitting the bond forfeiture.  Because of Defendant's breach of her conditions, Officer Conn had to prepare the petition, the Court had to issue a warrant, and the USMS had to spend time and energy tracking down Defendant, all of which came at some cost.  In the Court's view, the time and effort spent on this matter was considerable, so this factor leans against setting aside Defendant's bond forfeiture.
>
> Finally, the third factor weighs against Defendant because the circumstances surrounding Defendant's actions were aggravating.  At sentencing, Defendant displayed an extreme emotional reaction that gave the Court reason to question her defense counsel as to whether he believed she was a threat to herself or others, including her minor son. She then vindicated the Court's concerns by restricting her contact with Officer Conn and effectively absconding with her minor son. Thankfully, this situation was resolved without anyone being harmed,

but at the time, there were reasonable grounds to believe that Defendant and her child were in danger. These are not mitigating circumstances, and therefore the Court finds that this factor weighs against setting aside or remitting the bond forfeiture.

The district court did not abuse its discretion in declining to set aside the bond forfeiture. *See United States v. Gutierrez*, 771 F.2d 1001, 1004 (7th Cir. 1985) (holding no abuse of discretion in denying, without a hearing, the motion to set aside the bond forfeiture).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____